**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | Case No. 23-11834-MDC |
| Iris M Ortiz-Rivera | Chapter 13 |
| Debtor. | Hearing Date: November 21, 2023 at 10:30 am |
| | Objection Deadline: November 9, 2023 |

**MOTION OF POLICE AND FIRE FEDERAL CREDIT UNION**
**FOR RELIEF FROM THE AUTOMATIC STAY TO EXERCISE RIGHTS**
**WITH RESPECT TO VEHICLE**

Police and Fire Federal Credit Union ("PFFCU"), by and through its undersigned counsel, Dilworth Paxson LLP, hereby moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to exercise its rights with respect to its claim that is secured by the Debtor's 2017 Hyundai Tucson, VIN No. KM8J33A20HU365453 (the "Vehicle").

**I.    BACKGROUND**

1. Iris M. Ortiz-Rivera (the "Debtor") is indebted to PFFCU pursuant to a motor vehicle financing Loan Agreement obtained by the Debtor on March 18, 2020 in the original amount of $28,523.94. A true and correct copy of the Loan Agreement is attached as Exhibit A. This financing is secured by the Vehicle.

2. On June 22, 2023, the above-captioned Debtor initiated this Chapter 13 case.

3. The Debtor's proposed amended Chapter 13 plan (Dkt. 13), filed on September 5, 2023, expressly provides that the Debtor will make payments directly to PFFCU outside of her plan.

4. The Debtor has only made one payment since her filing, on October 6, 2023 in the amount of $441.01, which was applied to the amount that Debtor owed to PFFCU for her July 2,

2023 payment. The Debtor still owes $26.46 for late fees for the July 2, 2023, and $441.01 for each of August 2, 2023, September 2, 2023, and October 2, 2023. In total, Debtor's current post-petition arrears are $1,349.49 and her November 2, 2023 payment will be due shortly.

5. PFFCU's interests in the Vehicle are not adequately protected given that Debtor is not making post-petition payments as they come due.

## II.  CAUSE FOR RELIEF FROM THE AUTOMATIC STAY EXISTS

6. Pursuant to section 362(d)(1) of the Bankruptcy Code, on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay for cause, including lack of adequate protection of the party's interest in property. 11 U.S.C. § 362(d)(1).

7. Debtor has not made her payments as they have come due post-petition. The continuing depreciation of the Vehicle further impairs PFFCU's rights and interests in the Vehicle. Accordingly, cause exists to lift the automatic stay with respect to Debtor because PFFCU's interests are not adequately protected and cause exists pursuant to 11 U.S.C. § 362(d)(1) to lift the automatic stay to allow PFFCU to exercise its rights with respect to the Vehicle.

## III.  CONCLUSION

Relief from the automatic stay is warranted because PFFCU is not adequately protected as a result of Debtor's failure to make post-petition payments on account of the Vehicle sufficient to satisfy her obligations to PFFCU as proposed in her plan.

WHEREFORE, PFFCU respectfully requests that this Court enter an Order granting relief from the automatic stay pursuant to § 362(d) so that PFFCU may exercise its rights with respect to the Vehicle and granting such other and further relief as appropriate.

DILWORTH PAXSON LLP

/s/ Anne M. Aaronson
Anne M. Aaronson
Yonit A. Caplow
1500 Market St., Suite 3500E
Philadelphia, PA 19102
(215) 575-7100

Dated:  October 26, 2023                                *Attorneys for Police and Fire Federal Credit Union*

123876449-2